UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART DOWNER,

                Plaintiff,

    v.

INLANDBOATMEN'S UNION OF THE PACIFIC,

                Defendant.

No. C10-1251RSL

ORDER TO SHOW CAUSE

This matter comes before the Court *sua sponte*. On August 4, 2010, defendant removed the above-captioned matter from state court on the ground that plaintiff's breach of contract claim is preempted under § 301 of the National Labor Relations Act. The parties recently filed cross-motions for summary judgment and provided a copy of the underlying contract. Having reviewed the file in this matter, including the authority cited in defendant's Notice of Removal and the Constitution of the Inlandboatmen's Union of the Pacific, the Court finds as follows:

Section 301 states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

ORDER TO SHOW CAUSE

29 U.S.C. § 185(a). The word "between" in § 301 refers not to the pending suit, but to the contract at issue. Thus, an individual employee may bring a third-party suit in federal court for violation of a collective bargaining agreement (*i.e.*, a contract between an employer and a labor organization) or for violation of a union constitution that governs the relationship between two affiliated labor organizations. See Smith v. Evening News Ass'n, 371 U.S. 195, 198 (1962); United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. v. Local 334, 452 U.S. 615, 627 (1981).[1] It appears to the Court that the contract at issue must, however, be between two labor organizations in order to confer federal jurisdiction: a document governing the relationship between a single labor organization and its members does not appear to be the type of contract to which § 301 applies. Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 98 n.3 (1991); Bermingham v. Bunting, 1999 WL 644342 at *1 (9th Cir. Aug. 24, 1999) (citing Korzen v. Local Union 705, 75 F.3d 285, 288 (7th Cir. 1996)).

The record before the Court shows that defendant Inlandboatmen's Union of the Pacific is a "single entity, national in scope." Decl. of Alan Coté (Dkt. # 20), Ex. A at IBU002525. Although the union has a number of administrative regions, they are "not to be considered to detract from or impair the national integrity of the Union, or to create autonomous organizations within the national structure." Id. The constitution at issue in this litigation governs the relationship of this single, unified entity with its members: it does not appear to be a contract between labor organizations. Because the constitution that Downer alleges the union violated is a contract between the union members and their representative organization, it appears that the Court lacks subject matter jurisdiction over this matter.

For all of the foregoing reasons, defendant shall, within twenty-one days of the

---

[1] A union constitution is a contract for purposes of § 301. Local 334, 452 U.S. 615, 619-22 (1981).

ORDER TO SHOW CAUSE                -2-

date of this order, SHOW CAUSE why the Court should not remand this matter to King County Superior Court pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, August 26, 2011.

DATED this 1st day of August, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE -3-